UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:25-cv-1358 CSK P |
| Plaintiff, | ORDER |
| v. | |
| HOWARD E. MOSELY, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III. DISCUSSION**

On May 9, 2025, plaintiff filed his complaint in the United States District Court for the Northern District of California.  (ECF No. 1.)  On May 13, 2025, the United States District Court for the Northern District of California transferred this action to the United States District Court for the Eastern District of California.  (ECF No. 5.)

Named in the complaint as defendants are Howard Mosely and J. Purtle.  (ECF No. 1 at 1.)  Plaintiff alleges that on July 17, 2024, defendant Purtle refused to remove handcuffs that were applied too tightly on plaintiff.  (Id. at 2.)  Plaintiff alleges that on July 18, 2024, plaintiff wrote a grievance regarding the July 17, 2024 incident involving defendant Purtle.  (Id. at 4.)  Plaintiff alleges that defendant Mosely failed to investigate this grievance.  (Id.)

The Court's own records reveal that on May 2, 2025, plaintiff filed a complaint in this district court containing virtual identical allegations against defendant Purtle.  (Coffer v. Purtle, 2:25-cv-1302 CKD P.)[1]  Due to the duplicative nature of the present action, plaintiff's claims against defendant Purtle raised in the instant action should be dismissed as duplicative of the claims raised against defendant Purtle in 2:25-cv-1302 CKD P.

In Case No. 2:25-cv-1302 CKD P, plaintiff did not raise any claims against defendant Mosely.  Plaintiff's claims against defendant Mosely raised in the instant action should be raised in an amended complaint filed in 2:25-cv-1302 CKD P.  Nevertheless, for the following reasons, this Court finds that the claims raised against defendant Mosely in the instant action are not potentially colorable.

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

As discussed above, plaintiff alleges that defendant Mosely failed to investigate his grievance raising his claims against defendant Purtle.  While plaintiff alleges that defendant Mosely violated the First Amendment, it appears that plaintiff is raising a Fourteenth Amendment due process claim against defendant Mosely.  Inmates do not have a constitutional right to an effective grievance or appeal procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Accordingly, an inmate cannot make a colorable due process claim by generally alleging that the investigation into their grievance was inadequate.  See Antonetti v. McDaniels, 2018 WL 11362954, at *7 (D. Nev. May 25, 2018) (finding plaintiff failed to state a cognizable due process claim to the extent plaintiff's claim asserted the denial of grievance or failure to investigate or respond to grievance); see also Terrill v. Grannis, 2012 WL 5906648, at *8 (E.D. Cal. Nov. 26, 2012), findings and recommendations adopted, 2013 WL 524320 (E.D. Cal. Feb. 11, 2013) (dismissing for failure to state a claim plaintiff's due process claims based on dissatisfaction with the inmate grievance procedure).  For these reasons, plaintiff's claim alleging that defendant Mosely failed to investigate plaintiff's grievance is not potentially colorable.

Because it is unclear whether plaintiff intends to proceed with the instant action, which is largely duplicative of Case No. 2:25-cv-1302 CKD P, plaintiff is granted thirty days to file a notice of voluntary dismissal of the instant action.  A voluntarily dismissed action does not constitute a strike pursuant to 28 U.S.C. § 1915(g).[2]  See Spencer v. Barajas, --- F.4th ---, 2025 WL 1600926, at *3 (9th Cir. June 6, 2025).  If plaintiff does not voluntarily dismiss this action within thirty days, this Court will recommend that the claims against defendant Purtle be

---

[2] Qualifying indigent litigants may litigate with in forma pauperis status, meaning that they do not have to prepay filing fees.  See 28 U.S.C. § 1915(a).  But the three-strikes provision of the Prison Litigation Reform Act restricts that ability for incarcerated litigants, providing:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [IFP status] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

dismissed as duplicative of the claims raised against defendant Purtle in Case No. 2:25-cv-1302 CKD P. This Court will also recommend that plaintiff's claims against defendant Mosely be dismissed for failing to state a claim upon which relief may be granted. Therefore, the instant action may be a strike pursuant to 42 U.S.C. § 1915(g). See 28 U.S.C. § 1915(g) (action dismissed for failing to state a claim upon which relief may granted is a strike); Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); LeBlanc v. Asuncion, 699 F.App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike pursuant to 42 U.S.C. § 1915(g) (citing Cato, 70 F.3d at 1105 n. 2).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted thirty days from the date of this order to file a notice of voluntary dismissal of the instant action; if plaintiff does not file a notice of voluntary dismissal of the instant action within thirty days, this Court will recommend dismissal of the instant action for the reasons discussed above.

Dated: June 17, 2025

*/s/ Chi Soo Kim*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Coff1358.14/2