UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CHRISTOPHER COFFER, | No. 2:25-cv-1358 CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| HOWARD E. MOSELY, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2025, this Court filed an order screening plaintiff's complaint. (ECF No. 12.) In the June 17, 2025 order, this Court granted plaintiff thirty days to file a notice of voluntary dismissal. (Id.) This Court warned plaintiff that if he did not voluntarily dismiss this action, this Court would recommend dismissal of this action for the reasons discussed in the order. (Id.) Thirty days passed from June 17, 2025 and plaintiff did not file a notice of voluntary dismissal or otherwise respond to the order filed June 17, 2025. Accordingly, for the following reasons, this Court recommends dismissal of this action.

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
2 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

///

## III. DISCUSSION

On May 9, 2025, plaintiff filed his complaint in the United States District Court for the Northern District of California. (ECF No. 1.) On May 13, 2025, the United States District Court for the Northern District of California transferred this action to this district, the United States District Court for the Eastern District of California. (ECF No. 5.)

Named in the complaint as defendants are Howard Mosely and J. Purtle. (ECF No. 1 at 1.) Plaintiff alleges that on July 17, 2024, defendant Purtle refused to remove handcuffs that were applied too tightly on plaintiff. (Id. at 2.) Plaintiff alleges that on July 18, 2024, plaintiff wrote a grievance regarding the July 17, 2024 incident involving defendant Purtle. (Id. at 4.) Plaintiff alleges that defendant Mosely failed to investigate this grievance. (Id.)

In the June 17, 2025 order, this Court found that the court's own records revealed that on May 6, 2025, plaintiff filed a complaint in this district court containing virtual identical allegations against defendant Purtle: Coffer v. Purtle, No. 2:25-cv-1302 CKD P.[1] (ECF No. 12 at 3.) Due to the duplicative nature of the present action, this Court found that plaintiff's claims against defendant Purtle raised in the instant action should be dismissed as duplicative of the claims raised against defendant Purtle in Coffer v. Purtle, No. 2:25-cv-1302 CKD P. (Id.)

In the June 17, 2025 order, this Court found that in Coffer v. Purtle, No. 2:25-cv-1302 CKD P, plaintiff did not raise any claims against defendant Mosely. (Id.) This Court found that plaintiff's claims against defendant Mosely raised in the instant action should be raised in an amended complaint filed in case no. 2:25-cv-1302 CKD P. (Id.) Nevertheless, for the following reasons, this Court found that the claims raised against defendant Mosely in the instant action were not potentially colorable.

As discussed above, plaintiff alleged that defendant Mosely failed to investigate plaintiff's grievance raising his claims against defendant Purtle. (Id. at 4.) While plaintiff claimed that defendant Mosely violated the First Amendment, this Court found that plaintiff's claims against

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

defendant Mosely raised a Fourteenth Amendment claim.  (Id.)  Inmates do not have a constitutional right to an effective grievance or appeal procedure.  Id.; see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Accordingly, an inmate cannot make a colorable due process claim by generally alleging that the investigation into their grievance was inadequate.  See Antonetti v. McDaniels, 2018 WL 11362954, at *7 (D. Nev. May 25, 2018) (finding plaintiff failed to state a cognizable due process claim to the extent plaintiff's claim asserted the denial of grievance or failure to investigate or respond to grievance); see also Terrill v. Grannis, 2012 WL 5906648, at *8 (E.D. Cal. Nov. 26, 2012), findings and recommendations adopted, 2013 WL 524320 (E.D. Cal. Feb. 11, 2013) (dismissing for failure to state a claim plaintiff's due process claims based on dissatisfaction with the inmate grievance procedure).  For these reasons, in the June 17, 2025 order, this Court found that plaintiff's claim alleging that defendant Mosely failed to investigate plaintiff's grievance was not potentially colorable.  (ECF No. 12 at 4.)

Because it was unclear whether plaintiff intended to proceed with the instant action, which is largely duplicative of Coffer v. Purtle, No. 2:25-cv-1302 CKD P, in the June 17, 2025 order this Court granted plaintiff thirty days to file a notice of voluntary dismissal of the instant action.  (ECF No. 12 at 4-5.)  This Court advised plaintiff that a voluntarily dismissed action does not constitute a strike pursuant to 28 U.S.C. § 1915(g).[2]  Id.; see Spencer v. Barajas, --- F.4th ---, 2025 WL 1600926, at *3 (9th Cir. June 6, 2025).  This Court advised plaintiff that if plaintiff did not voluntarily dismiss this action within thirty days, this Court would recommend that the claims against defendant Purtle be dismissed as duplicative of the claims raised against defendant Purtle

---

[2]  Qualifying indigent litigants may litigate with in forma pauperis status, meaning that they do not have to prepay filing fees.  See 28 U.S.C. § 1915(a).  But the three-strikes provision of the Prison Litigation Reform Act restricts that ability for incarcerated litigants, providing:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [IFP status] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

in Coffer v. Purtle, No 2:25-cv-1302 CKD P. (Id. at 4-5.) This Court advised plaintiff that this Court would also recommend that plaintiff's claims against defendant Mosely be dismissed for failing to state a claim upon which relief may be granted. (Id. at 5.) Therefore, the instant action may be a strike pursuant to 42 U.S.C. § 1915(g). See 28 U.S.C. § 1915(g) (action dismissed for failing to state a claim upon which relief may granted is a strike); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); LeBlanc v. Asuncion, 699 F.App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike pursuant to 42 U.S.C. § 1915(g) (citing Cato, 70 F.3d at 1105 n.2).

Thirty days passed from June 17, 2025 and plaintiff did not file a notice of voluntary dismissal or otherwise respond to the June 17, 2025 order. Accordingly, for the reasons discussed above, this Court recommends that this action be dismissed.

**IV. PLAINTIFF'S MOTIONS FILED MAY 9, 2025**

On May 9, 2025, plaintiff filed a motion to file his "petition" by mail because he was in segregation and could not access the library for e-file. (ECF No. 2.) This motion is denied as moot because the United States District Court for the Northern District of California apparently permitted plaintiff to file his complaint by mail.

On May 9, 2025, plaintiff filed a pleading docketed as "emergency request for subpoenas." (ECF No. 3.) In this pleading, plaintiff requests that the court issue a subpoena to plaintiff so that he may obtain video footage. (Id.) This request is denied because this Court recommends dismissal of this action.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to file by mail (ECF No. 2) is denied as moot;

2. Plaintiff's emergency request for subpoenas (ECF No. 3) is denied;

3. The Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 23, 2025

                                                                                              CHI SOO KIM
                                                                                              UNITED STATES MAGISTRATE JUDGE

Coff1358.56/2